UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF INDIANA
FORT WAYNE DIVISION

| ALISHA M. RAUCH, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | CAUSE NO. 1:12-CV-289 |
|  | ) |  |
| POWERCLEAN, INC., | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**OPINION AND ORDER**

Before the Court is Defendant Powerclean, Inc.'s Motion for Leave to Add Labor Ready as an Indispensable Party Under Rule 19(a) of the Federal Rules of Civil Procedure filed on February 21, 2013. (Docket # 17.) For the following reasons, Powerclean's motion for joinder will be DENIED.

*A. Factual and Procedural Background*

Rauch filed this suit against Powerclean on August 27, 2012, alleging that it discriminated against her on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Docket # 1.) In her complaint, Rauch alleges that she "was employed by Powerclean" and that her claim arises out of an August 12, 2011, interaction with "Supervisor Steve." (Compl. ¶ 4.) She seeks relief in the form of back pay, front pay, and compensatory and punitive damages. (Def.'s Br. in Supp. Ex. I.)

In its Answer and Affirmative Defenses, Powerclean contends that Labor Ready, not Powerclean, was Rauch's employer and that Labor Ready sent Rauch to perform cleaning work for Powerclean on the date of the relevant interaction. (Docket # 7.) Accordingly, it asserts that

any fault or wrongdoing on the part of Labor Ready relative to Rauch is not attributable to Powerclean and that Rauch should be denied any recovery against Powerclean. (Docket # 7.)

On February 21, 2013, Powerclean filed the instant motion seeking to join Labor Ready under Rule 19(a). (Docket # 17.) Rauch has not filed a response to the motion, and the time to do so has now passed.

### B. Applicable Law

"The purpose of Federal Rule of Civil Procedure 19 is to permit joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources." *Crane v. N. Salem State Bank*, No. 1:10-cv-0561, 2011 WL 837187, at *1 (S.D. Ind. Mar. 8, 2011). "To achieve those ends Rule 19(a) provides for joinder of specified parties whose addition to the suit will not deprive the court of jurisdiction." *Moore v. Ashland Oil, Inc.*, 901 F.2d 1445, 1446 (7th Cir. 1990).

Rule 19 sets out a test for determining "whether an unjoined party's interests are so substantial that the court should not proceed to a decision on the merits in its absence." *Lufkin v. Ill. Dept. of Emp't Sec.*, No. 94 C 5366, 1997 WL 159546, at *1 (N.D. Ill. Mar. 28, 1997). It provides:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

*Hammond v. Clayton*, 83 F.3d 191, 195 (7th Cir. 1996) (citing FED. R. CIV. P. 19(a)).

2

Stated another way, "[t]he court must ascertain whether the party is a person to be joined if feasible; and, if so, whether the action, in good conscience, should proceed in the absence of that party." *Id*. (citation and internal quotation marks omitted). "Dismissal of an action for failure to join a party at the outset is not the preferred result under the Rules; therefore, the party must be joined if feasible." *Crane*, 2011 WL 837187, at *1.

*C. Discussion*

Powerclean seeks to join Labor Ready, Rauch's official employer, as a party under Rule 19(a). Powerclean's assertion that Labor Ready is indispensable to this case, however, is unpersuasive.

To explain, Powerclean does not suggest that it has a cross claim against Labor Ready. Rauch can sue Powerclean and win or lose, and her success or failure against Powerclean has no impact on Labor Ready. That is, disposing of the action in Labor Ready's absence will not subject Powerclean "to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." FED. R. CIV. P. 19(a)(1)(B). The Court *can* "afford complete relief among existing parties" in the absence of Labor Ready, as Rauch is seeking monetary damages, not reinstatement. FED. R. CIV. P. 19(a)(1)(A) (articulating that a person must be joined as a party if "in that person's absence, the court cannot accord complete relief among existing parties . . . ."); *see Perrian v. O'Grady*, 958 F.2d 192, 196 (7th Cir. 1992) (finding "complete relief" where plaintiff could obtain the relief requested in the complaint).

Besides, "for purposes of Title VII, the employee-employer relationship is not always cut-and-dried." *Wright v. Barth Elec. Co.*, No. 1:09-cv-1202, 2011 WL 883645, at *10 (S.D. Ind. Mar. 11, 2011). "[A]n entity that is not the plaintiff's 'employer' in the most conventional sense

3

of the word may not automatically escape liability." *Id*.; *see Heinemeier v. Chemetco, Inc*., 246 F.3d 1078, 1082 (7th Cir. 2001) ("When facing questions regarding the employee-employer relationship under Title VII . . ., we look to the economic realities of the relationship and the degree of control the employer exercises." (citation and internal quotation marks omitted)). It is possible that Powerclean and Labor Ready were "joint employers" of Rauch and thus that Powerclean could indeed be liable for gender discrimination. *See, e.g.*, *Wright*, 2011 WL 883645, at *11 (finding sufficient facts from which a jury could conclude that defendant and plaintiff "stood in an employment relationship, as that term is construed under Title VII"); *Daniel v. Sargent & Lundy, LLC*, No. 09 C 7206, 2012 WL 874419, at *5 (N.D. Ill. Mar. 14, 2012) (finding that a reasonably jury could conclude that defendant exercised sufficient control over plaintiff such that she worked for defendant as well as her official employer and thus that defendant could be liable for race discrimination).

In short, Powerclean has not made the requisite showing under Rule 19(a) to join Labor Ready as an indispensable party, and thus its motion for joinder will be DENIED.

### *D. Conclusion*

For the foregoing reasons, Defendant's Motion for Leave to Add Labor Ready as an Indispensable Party Under Rule 19(a) of the Federal Rules of Civil Procedure (Docket # 17) is DENIED.

SO ORDERED.

Enter for March 15, 2013.

S/Roger B. Cosbey  
Roger B. Cosbey  
United States Magistrate Judge